UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL PLATZER,

Plaintiff,

    - against -

HEWLETT-PACKARD COMPANY,

Defendant.

06 CV 2251 (RM) (AKT)

PROPOSED JOINT PRETRIAL
ORDER

## I.    Trial Counsel

A.    <u>For Plaintiff</u>

Neil Frank, Esq.
Jennifer L. DeVenuti, Esq.
FRANK & ASSOCIATES, P.C.
500 Bi-County Boulevard
Suite 112N
Farmingdale, New York 11735
Phone: 631-756-0400
Fax: 631-756-0547
E-mail: nfrank@laborlaws.com
        jdevenuti@laborlaws.com

B.    <u>For Defendant</u>

Thomas J. Flaherty, Esq.
Lindsey H. McGinnis, Esq.
LITTLER MENDELSON, P.C.
1650 Tysons Boulevard, Suite 700
McLean, Virginia 22102
Phone: 703- 442-8425
Fax: 703-442—8428
Email: tflaherty@littler.com
        lmcginnis@littler.com

Adam C. Weiss, Esq.
MILMAN LABUDA LAW GROUP PLLC
3000 Marcus Avenue, Suite 3W3
Lake Success, New York 11042
Phone: 516-328-8899

Fax: 516-328-0082
Email: aweiss@mhlaborlaw.com

## II. Statement of Subject Matter Jurisdiction

This court has subject matter jurisdiction over this action and jurisdiction over Defendant HEWLETT PACKARD COMPANY, pursuant to 42 U.S.C. § 12101 *et seq.*, and 28 U.S.C. §§ 1331 and 1337. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the alleged conduct occurred within the state of New York, county of Suffolk.

Defendant states that should Plaintiff's federal claims be dismissed on summary judgment, the Court should decline to exercise pendent jurisdiction over Plaintiff's state claim.

## III. Summary of Claims and Defenses to Be Tried and Not to be Tried

### A. Plaintiff

All claims asserted in Plaintiff's Complaint are to be tried, pending dismissal of any claims on summary judgment.

### B. Defendant

Defendant HP states that the following defenses remain to be tried: 1) Plaintiff cannot show that his termination was discriminatory where every position in his job group, including his manager's position, was eliminated for business reasons as part of a work force reduction; 2) Plaintiff effectively conceded during his deposition that his termination was not discriminatory; 3) Plaintiff cannot establish a prima facie case of discriminatory discharge because: he was not disabled at the time HP notified him of the position elimination and he was totally disabled from all work as of his termination date three months later; 4) the other alleged incidents upon which Plaintiff bases his claim of unlawful discrimination are barred by the applicable statute of limitations; 5) HP provided Plaintiff with reasonable accommodations by modifying his job duties and allowing him numerous leaves of absence, in excess of the requirements of the ADA and Family and Medical Leave Act; 6) in light of the flaws in Plaintiff's federal claims, the Court should elect not to exercise pendent jurisdiction over Plaintiff's state law claim; 7) and there is no basis to award Plaintiff back pay or front pay because he admittedly is totally and permanently disabled commencing one month before his termination and is no longer in the workforce. Defendant further maintains that all affirmative defenses asserted in its Answer also remain to be tried in this case.

## IV. Jury/Non-Jury Trial

This action is to be tried by jury. Plaintiff anticipates the trial to last approximately five (5) days. Defendant estimates that the entire case can be tried in 3-5 days.

V.    **Trial Before Magistrate Judge**

The parties have not mutually consented to trial of the case before a Magistrate Judge.

VI.    **Agreed Statement of Fact or Law**

1.    Michael Platzer (hereinafter referred to as "Platzer" or "Plaintiff") commenced employment with Hewlett-Packard Company in 1994.

2.    HP hired Platzer as a Customer Engineer in the Long Island District.

3.    As a Customer Engineer, Platzer's responsibilities included on-site installation, repairs, and service of computer equipment and printers for HP's customers, and working cooperatively with others to solve the customers' problems where appropriate.

4.    In recent years, HP's practice has been to conduct performance evaluations and employee rankings, and to make possible adjustments to salary, annually. At or about the time Platzer was hired, employees were ranked on a scale from "1" to "5".

5.    As a new employee, Platzer began his employment with a "2" ranking.

6.    Carmine Orciuolo (hereinafter referred to as "Orciuolo"), Platzer's first manager, performed Platzer's first performance review on or about June 1, 1995. The review stated that Platzer was a good performer and his rating remained a "2".

7.    Platzer testified that on January 29, 1996 he was involved in a car accident in which he injured his neck and back.

8.    On June 1, 1996, Matt Kennedy (hereinafter referred to as "Kennedy"), Platzer's manager at the time, reviewed Platzer's performance for the first time following the accident. The review was fairly positive and Kennedy raised Platzer's ranking from a "2" to a "3".

9.    A "3" ranking generally meant that the employee met HP's expectations.

10.     In January of 1997, HP transferred Platzer from the Long Island District to the Manhattan District and his new supervisor became Anthony Licciardone (hereinafter referred to as "Licciardone").

11.     Platzer stated that Licciardone encouraged to him to seek medical care for his back.

12.     Platzer testified that he went on short-term disability leave in March of 1997, because of back problems that stemmed from the January 1996 car accident.

13.     HP approved a paid leave of absence for Platzer from March 12, 1997 until June 8, 1997.

14.     While Platzer was out on leave, a merit pay increase was implemented which raised his monthly salary.

15.     HP also held his position open and his ranking remained constant throughout the entire period.

16.     Platzer spent approximately three months in 1997 on leave.  Licciardone reviewed Platzer's performance on August 26, 1997, and Platzer's ranking remained a "3".

17.     In May of 1998, Platzer received another pay increase.

18.     In July of 1998, Platzer requested a leave of absence to have surgery performed on his lower back.

19.     HP granted the request and Platzer was out on short-term disability leave from July 20, 1998 to February 16, 1999.

20.     While Platzer was out on this leave, HP held his position open and Platzer's pay rate and ranking remained constant.

21.     When Platzer returned from leave in February of 1999, HP re-assigned him to the supervision of Valerie Hodge (hereinafter referred to as "Hodge") due to an organizational change.

22.     Hodge was aware that Platzer had just returned from back surgery, so she changed Platzer's job responsibilities to include substantially less physical work.

23.     After this change in primary assignment in 1999, rather than spending the majority of his time "in the field" performing on-site installation, repairs and service, Platzer spent the great majority of his time in the Virtual Response Call Center ("VRC") in Paramus, New Jersey.

24.     In this position, Platzer's primary activities involved phone consultations with customers and on-line or remote computer support; however, he still had some responsibility for responding to on-site customer service calls and doing "stand-by" detail where he was required to wear a pager and be "on call" for on-site service emergencies.

25.     Platzer testified that the VRC position was a beneficial change for him because it was a desk job that required mostly sitting and did not involve the physical/lifting tasks that were required in field work.

26.     Platzer testified that during this time, his VRC job activities [desk work] comprised 70% of his working time.

27.     Platzer testified that the field work/on call portion took up approximately 30% of his working time.

28.     On or about June 23, 1999, Hodge reviewed Platzer's performance, and again Platzer's ranking remained a "3" on a scale of 1 to 5.

29.     Platzer appreciated how Hodge treated him upon his return from back surgery and sent Hodge an email expressing his gratitude.

30.     In or about June of 1999, Platzer started seeing Dr. Vincent Leone (hereinafter referred to as "Dr. Leone"), an Orthopedic/Spine Surgeon.

31.     Platzer saw Dr. Leone for his back and neck periodically from June of 1999 until May of 2002.

32.     As of February 7, 2000, Dr. Leone determined that Platzer's physical condition prevented Platzer from performing any "heavy work," which Dr. Leone testified would require lifting over 25 pounds.

33.     Dr. Leone also testified that as of February 7, 2000, Platzer could perform a desk job that allowed him to stretch and take breaks periodically.

34.     Dr. Leone testified that Platzer was not limited in the activities of daily living.

35.     On or about July 1, 1999, due to an organizational change, Libardo Rodriguez (hereinafter referred to as "Rodriguez) became Platzer's manager.

36.     According to Platzer, Derek Critelli was the customer engineer supervisor under Rodriguez when Rodriguez was Platzer's manager.

37.     Under Rodriguez's supervision, Platzer continued to work primarily in the VRC position, with some field work responsibilities and occasional "stand-by" detail.

38.     Sometime after Rodriguez became Platzer's new supervisor, Platzer told Rodriguez that he was having problems working in the field due to his back condition.

39.     At no time did Platzer tell Rodriguez that he had to stop working in the field entirely.

40.     On May 1, 2000, Platzer again received a pay increase.

41.     On February 1, 2001, Rodriguez dropped Platzer's ranking from a "3" to a "2".

42.     Rodriguez testified that Platzer's ranking changed because Platzer was not performing all his job responsibilities as a field engineer, which was the position for which he was being ranked.

43.     Rodriguez testified that Platzer was focused on performing the Virtual Response Center engineer duties, which were only a portion of the duties he should have been performing as a field engineer.

44.     Platzer may have indicated that he had difficulty performing field work, but at no point did Platzer indicate to Rodriguez that he was unable to perform field work due to any physical limitations.  When asked what accommodations he requested during his employment, Platzer did not indicate he ever requested an accommodation from Rodriguez and Rodriguez testified that Platzer never requested any accommodations from him.  Likewise, when asked how he believed Rodriguez discriminated against him, Platzer did not suggest that Rodriguez failed to provide an accommodation.

45.     In May of 2001, Platzer requested a transfer to a newly created position, Response Center Support Engineer ("RCE"), in HP's Long Island District.

46.     Platzer testified that he wanted the position because it was a desk job that only entailed performing remote technical assistance for HP's customers.

47.     The RCE position was a positive change for Platzer, because it would require no "field" (on-site customer service) work whatsoever.

48.     Lyndi Reed (hereinafter referred to as "Reed") was the manager chosen by HP to supervise the team of RCE's.

49.     Platzer testified that he mentioned his back condition to Reed during his interview with her.

50.     After the interview, Reed offered Platzer the RCE position and Platzer accepted it.

51.     On or about May 19, 2001, HP approved Platzer's transfer from Paramus to the position on Reed's team in Melville, Long Island.

52.     Platzer also received a substantial pay raise, from $4150 to $5607 a month or from about $49,800 to $67,284 per year.

53.     Platzer testified that the raise in pay was meant to compensate him for the loss of his company car, since he was no longer responsible for any field work.

54.     After joining Reed's team, Platzer requested a flexible schedule, working four 10-hour days instead of five 8-hour days a week.  Platzer stated that such a schedule would help accommodate his back condition.

55.     Reed granted Platzer's request for the four day, 10-hour schedule, which consisted of Platzer working Sunday through Wednesday 2:00 PM to 12:00 AM.

56.     Dr. Leone testified that, during the years from 2001 through 2004, a desk job that required no bending, twisting, or lifting over five or ten pounds, in which Platzer had the opportunity to stretch every thirty minutes, would have accommodated Platzer's physical restrictions.

57.     Dr. Leone also testified that the first time he prescribed an orthopedic chair for Platzer was on June 13, 2007.

58.     As of May 29, 2002, Dr. Leone's office notes indicate that Platzer required "no further work-up or treatment regarding his lower back," pending the outcome of surgery Platzer planned to have performed on his neck.

59.     Platzer's May 29, 2002 visit to Dr. Leone was the last time that Platzer visited Dr. Leone for over two and a half years [until December 15, 2004].

60.     During this visit, Platzer informed Dr. Leone that he had consulted with another surgeon and intended to undergo neck surgery.   Dr. Leone testified that it was not his recommendation that Platzer undergo neck surgery.

61.     On May 22, 2002, Platzer had gone to see Dr. Mark Eisenberg, a neurosurgeon, for a consultation regarding his neck.

62.     Dr. Eisenberg recommended that Platzer undergo neck surgery because Platzer had a herniated disc that was compressing his spinal cord in his neck.

63.     Therefore, in May of 2002, Platzer obtained a leave of absence from work to have the neck surgery.

64.     HP granted the request and Platzer remained out on leave for almost nine months, from May 3, 2002 to January 21, 2003.

65.     While Platzer was out on leave, HP once again held his position open for him, and Platzer's pay rate and ranking remained constant.

66.     On October 18, 2002, Dr. Eisenberg performed the neck surgery on Platzer.

67.     Dr. Eisenberg testified that the surgery was successful.

68.     On October 30, 2002, Platzer saw Dr. Eisenberg for a follow-up examination and reported to Dr. Eisenberg that his neck pain and radiating arm pain were completely gone.

69.     At this visit, Dr. Eisenberg also examined Platzer and found that Platzer had excellent strength throughout his arms and legs.

70.     On January 15, 2003, Platzer saw Dr. Eisenberg for another follow-up examination and reported to Dr. Eisenberg that he had good mobility in his neck and shoulder and no shoulder or arm pain.

71.     At this visit, Dr. Eisenberg examined Platzer and found that Platzer had a well-healed incision, good range of motion, and excellent strength throughout.

72.     An x-ray report from the same date also showed a positive result.

73.     Dr. Eisenberg wrote in his office notes, "Overall I think he is doing quite well…I think he can return to work as of 1/21/03."

74.     Dr. Eisenberg testified that as of January 21, 2003, Platzer was healed enough to return to work in the position that he held prior to the leave.

75.     Platzer returned from leave on January 21, 2003, and he continued under Reed's supervision in his prior RCE position.

76.     Soon after his return, Reed reviewed Platzer's performance for 2002 and Reed's comments were positive.

77.     In the "comments" section of the review, Platzer stated: "I am extremely happy with my current manager Lyndi Reed who in my opinion is the BEST Manager that I ever had the privelege [sic] to work for."

78.     In or about May of 2003, HP changed the scale by which it ranked employees by eliminating the "1" to "5" system and replacing it with a letter-coded system.

79.     On or about May 1, 2003, Platzer's "2" ranking became an "I" ranking.  (Pl. Dep. Ex. 9).   Both the new "I" ranking and Platzer's previous "2" ranking meant "needs improvement."

10

80.     Reed testified that Platzer's performance was low to average based on his calls per staffed hour.

81.     RCEs were expected to try and solve customer problems as expeditiously as possible.  If a particular call was taking an extended period of time because the RCE was having difficulty solving a customer's problem, the RCE was expected to transfer the call to a higher-level engineer, rather than continue to attempt to address the issue and keep other customers on hold.

82.     The "calls per staffed hour" statistic was calculated by dividing the amount of calls each RCE took by the number of hours he/she worked.  Therefore, it put all employees on a level playing field, regardless of their total hours.

83.     Employees, such as Mr. Platzer, who had a low average "calls per staffed hour", usually were holding onto calls too long rather than transferring customers to the higher level engineers sooner.

84.     Reed next reviewed Platzer's performance in or about February of 2004.

85.     This review covered the period of time from February 1, 2003, shortly after Platzer returned from medical leave, to October 31, 2003.

86.     Reed raised Platzer's ranking from "I" to "M," which means "Meets Expectations."

87.     In the employee comments section of the review, Platzer stated that he felt that the review was "extremely fair," he appreciated the feedback from his peers, upper management and HP's external customers, and acknowledged that he would have to "pick it up a few notches" to be worthy of the higher "S" ranking.

11

88.     To accommodate Platzer's back condition, Reed sent him for an ergonomic assessment evaluation and gave him a new chair based on that evaluation.

89.     In or about December of 2003, HP moved its offices from one location to another in Melville, Long Island.

90.     During the move, Platzer's chair was lost.

91.     Reed testified that she informed Platzer when he told her that the chair did not arrive that he would have to contact the ergonomics group in order to get a new assessment done to get a replacement chair.

92.     At the time, Platzer's work schedule was Sunday through Wednesday, 2:00 PM to 12:00 AM.

93.     Soon after the move, in December 2003, Platzer made a series of complaints about the heat and the lights in his department shutting off after 5:00 PM each day.

94.     Various HP personnel, including Reed, responded to Platzer's complaints and attempted to rectify the problem.

95.     Platzer testified that HP personnel gave him a code that he had to input through his phone to re-set the system every 15-30 minutes.

96.     Platzer testified that the above solution did not always solve the problem with the temperature in his area of the office.

97.     Platzer testified that ultimately he was informed that because the landlord was charging HP a premium for heat after 5:00 PM and because there were few, if any other HP employees, working in the facility after 5:00 PM, HP made the determination that it was not cost-effective to pay the premium rate.

12

98.    As a result, Reed gave Platzer a choice of start times during regular office hours from Monday through Friday.

99.    Then, as of May 1, 2004, Platzer returned to a Monday to Friday, 7:00 AM to 3:00 PM work schedule.

100.    Throughout this entire period of time (December of 2003 to May of 2004), Platzer's salary and ranking remained unchanged.

101.    Platzer testified that in or about June of 2004, he began to have stomach problems.

102.    In July 2004, Platzer was diagnosed with salmonella.

103.    Intermittently during 2004, Reed approved days off for Platzer to accommodate his stomach problems and held Platzer's position open throughout all absences.

104.    Late in 2004, Platzer's stomach problems were completely resolved.

105.    Platzer expressed his gratitude to Reed in one facsimile during this period, dated September 14, 2003, writing to Reed, "Your [sic] the BEST!"

106.    At some point Plaintiff was notified that he had used up all of his available sick time.  As such, when Platzer returned from one of his absences in late August of 2004, Reed spoke to him about alternate leave options that HP offered.

107.    Platzer had exhausted his available sick time and Reed wanted to make sure that Platzer went through the correct channels to be properly credited for those absences and so that he could get paid as much as possible for the missed time through HP's short-term disability insurance.

108.    Reed followed up her discussion with Platzer by sending him an email, which detailed the various leave options available to him, and also informed him that she expected him to be at work every day unless he was utilizing the listed medical leave options.

109.    Platzer took advantage of these options.

110.    In September of 2004, Platzer volunteered to change his shift to a Tuesday through Friday, 9:00 PM to 7:00 AM, schedule.

111.    Reed denied the request because HP could not provide an acceptable environment for Platzer in light of his previous difficulties when working after 5:00 PM.

112.    In addition, Reed testified that there were greater coverage needs during the day.

113.    Platzer testified that prior to October of 2004, he was able to perform the essential functions of his position in Reed's organization.

114.    Towards the middle to latter part of 2004, Reed was informed that HP decided outsource the functions that her team was performing to a Canadian company.

115.    Reed had no input in the decision to outsource the work her team performed or to eliminate the RCE positions, including Platzer's position.   In fact, Reed's position was eliminated as well.

116.    No later than October 11, 2004, Platzer received formal written notice of the workforce restructuring ("WFR").

117.    According to the WFR notice, Platzer had a four-week "Re-deployment" period, within which he had an opportunity to apply for other positions within HP and he did so.

118.    The notice went on to specify a termination date of January 7, 2005 if he did not find another position.

119.    Due to the large number of people affected by the workforce reduction and the quality of the candidates, Platzer was unable to secure another position.

120.    Platzer identified two positions that he interviewed for immediately prior to or after notice of the WFR.  Specifically, Plaintiff interviewed with Joe Jacobovitz for a Storage Technology Center position in September 2004 and with Raul Garcia for a for High Profile Escalations Manager position in October 2004.  These are the only two positions Plaintiff will raise at trial.

121.    Plaintiff had no information regarding the number of individuals who applied for the positions or their qualifications or the name or qualifications of the individuals ultimately selected to fill the two positions.

122.    On October 26, 2004, Platzer sent an email to a manager that he interviewed with, Raul Garcia, and candidly admitted to Garcia that he knew that Garcia had a difficult decision before him because of the many qualified candidates applying for the position.

123.    On December 15, 2004, Platzer went back to his orthopedic/spine surgeon Dr. Leone for the first time since May 29, 2002.  Although Platzer's termination date was January 7, 2005, the last day that Platzer actually worked at HP was in late November 2004.

124.    On October 5, 2005, Platzer filed an application for disability benefits with the Social Security Administration ("SSA"), and in that application stated that he stopped working and became unable to work on December 15, 2004.

125.    In the "remarks" section of the October 5, 2005 application, Plaintiff stated that he "can't sit for more than fifteen minutes, stand or walk for any length of time either."

126.    In connection with his March 8, 2006 filing for Social Security disability benefits, Plaintiff also completed an "Information About Your Daily Activities" section in which he responded as follows to the individual inquiries:

> Q:  Describe what you do from the time you wake up until you go to bed.
> A:  Wake up 7:00 AM, I have to rest back during the day.  I go to sleep 11:00 PM.
>
> Q:  What were you able to do before your illnesses, injuries, or conditions that you cannot do now?
> A:  Everything.
>
> Q:  How often do you go outside?
> A:  Once a day for a very short walk.
>
> Q:  Do you drive?
> A:  I can't drive because sitting causes back pain and twisting turning neck.

127.    On or about June 28, 2006, the SSA issued a Disability Determination and Transmittal granting Platzer total disability status, and finding that he was disabled as of December 15, 2004.

128.    Platzer received Social Security Disability benefits based upon that finding, and has continued to receive Social Security Disability benefits up to the present.

129.    Indeed, at his deposition, Plaintiff testified that he is now completely disabled and will be unable to work for the rest of his life.

130.    Platzer filed a charge of discrimination against HP with the Equal Employment Opportunity Commission ("EEOC") and New York State Division of Human Rights ("NYSDHR") on March 21, 2005.

131.    Platzer received a "Right to Sue" letter from the EEOC on or about February 23, 2006.

132.    Platzer filed this action in the Eastern District of New York on May 16, 2006.

133.    Platzer never complained to anyone at HP prior to his termination that he was being discriminated against.

134.    Platzer testified that in this lawsuit he is not claiming discrimination based on a perceived disability.

135.    Platzer did not identify any positions that he applied for between 2002 and 2004.

136.    When asked what adverse actions by each HP manager he testified about were discriminatory, Platzer did not identify the decision to include him in the WFR or the decision to terminate his employment.

## VII.   Witnesses

A.    Plaintiff

    1.    Fact Witnesses

| | |
|---|---|
| Plaintiff, Michael Platzer<br>62-21 Eliot Avenue<br>Middle Village, New York 11379 | Plaintiff is expected to testify about his approximately ten (10) year work history with Defendant, and his experience and knowledge in conducting computer hardware repairs, both on-site and remotely, dealing with customers and working on a team.  He is also expected to testify about the history, the nature and extent of his disability, the physical limitations associated with is medical condition, the accommodations he requested, including working from home, which was denied, his requests to work an alternate and/or flexible work schedule, and the subsequent removal of this accommodation, his conversations with various supervisory personnel regarding his disability and physical limitations associated with his disability, the essential functions of the various positions he held during his ten (10) years of employment, his work performance during his employment. Plaintiff's mitigation efforts during the Workforce Reduction/Redeployment period and subsequent to his termination, and his emotional pain, suffering and embarrassment as pertains to his damages. |
| Donna Platzer, Plaintiff's wife<br>62-21 Eliot Avenue<br>Middle Village, New York 11379 | Mrs. Platzer is expected to testify about her observance of the limitations associated with Plaintiff's medical condition and the manifestation of Plaintiff's emotional pain and |

| Name/Address | Expected Testimony |
|---|---|
| | suffering, embarrassment, humiliation, mental anguish and other incidental and consequential damages and expenses. |
| Dr. Vincent Leone<br>New York Orthopedic and Spine Services<br>833 Northern Boulevard, Ste 220<br>Great Neck, New York 11021 | Dr. Leone is expected to testify as to his treatment and care of Plaintiff for his back injury. |
| Dr. Mark Eisenberg<br>900 Northern Boulevard<br>Great Neck, New York 11021 | Dr. Eisenberg is expected to testify as to Plaintiff's neck injury and the surgery Dr. Eisenberg performed on Plaintiff in October 2002. |
| Dr. John Stamatos<br>North Shore Pain Services, LLP<br>221 Jericho Turnpike<br>Syosset, New York 11791 | Dr. Stamatos is expected to testify as to Plaintiff's pain management regimen. |
| Dr. Richard Istrico<br>158-01 Crossbay Boulevard<br>Howard Beach, New York 11414 | Dr. Istrico is Plaintiff's primary care doctor and is expected to testify as to his continuous treatment of Plaintiff. |

2.    Expert Witnesses

None.

B.    Defendant

Defendant reserves the right to call any witness listed on Plaintiff's witness list during its case in chief or for impeachment or rebuttal purposes.

1.    Fact Witnesses

| Name/Address | Expected Testimony |
|---|---|
| Nancy Anderson<br>Hewlett-Packard Company | Ms. Anderson may provide testimony regarding HP's efforts to address Plaintiff's complaints regarding the working conditions in his office. |
| Mary Austin, Human Resources<br>Hewlett-Packard Company<br>Atlanta, Georgia | Ms. Austin may be called to provide testimony pertaining to HP's evaluation process and workplace policies.  She may also be called to testify regarding the accommodations HP provided to Mr. Platzer. |
| Jack Bambary<br>Hewlett-Packard Company | Mr. Bambary may provide testimony regarding HP's efforts to address Plaintiff's complaints regarding the working conditions in his office and to locate Plaintiff's lost chair. |
| Marie Bozzi, REWS NY/NJ | Ms. Bozzi may provide testimony regarding HP's efforts to |

| | |
|---|---|
| District Manager<br>Hewlett-Packerd Company<br>Bridgewater, NJ | address Plaintiff's complaints regarding the working conditions in his office and to locate Plaintiff's lost chair. |
| Paul Cermatori<br>Hewlett-Packard Company<br>Edison, New Jersey | Mr. Cermatori may be called to testify as to Plaintiff's duties, performance and skills while employed by HP and to respond to Plaintiff's allegations. |
| Valerie Hodge<br>79 Hancock Drive<br>Morristown, NJ 07960 | Ms. Hodge may to testify regarding Plaintiff's job duties and limitations while under her supervision.  Ms. Hodge may also testify regarding Plaintiff's medical leaves of absence while under her supervision and the accommodations provided to Plaintiff due to his physical problems. |
| Felicia Jackson<br>Hewlett-Packard Company<br>Houston, Texas | Ms. Jackson may testify as to Defendant's leave policies. Ms. Jackson may also testify regarding Plaintiff's leave history and his short-term disability records. |
| Debra Jakaitis, Human Resources<br>Hewlett-Packard Company<br>Worcester, Massachusetts | Ms. Jakaitis may provide testimony regarding Plaintiff's performance history and his leaves of absence.  Ms. Jakaitis may also be called to testify about HP's workplace policies as well as the accommodations HP provided to Plaintiff. |
| Matt B. Kennedy | Mr. Kennedy may be called to testify as to Plaintiff's duties, performance and skills while under Mr. Kennedy's supervision. |
| Anthony Licciardone<br>Hewlett-Packard Company<br>New York, New York | Mr. Licciardone may testify regarding Plaintiff's performance and skills while under his supervision.  Mr. Licciardone may also testify regarding Plaintiff's medical leaves of absence while under her supervision and the accommodations provided to Plaintiff due to his physical problems and Plaintiff's allegations. |
| Linda Martel<br>Hewlett-Packard Company<br>Canada | Ms. Martel may be called testify regarding HP's 2004 WFR that resulted in Plaintiff's termination and its effect on HP employees in Canada. |
| James McAnally<br>Hewlett-Packard Company<br>Alpharetta, Georgia | Mr. McAnally may be called testify regarding the 2004 WFR that resulted in Plaintiff's termination. |
| Mike Mills<br>Hewlett-Packard Company<br>Bethesda, Maryland | Mr. Mills may testify regarding HP's efforts to address Plaintiff's complaints regarding the working conditions in his office. |

| | |
|---|---|
| Carmine Orciuolo<br>Hewlett-Packard Company<br>New Jersey | Mr. Orciulo may testify as to Plaintiff's duties, performance and skills while under Mr. Orciuolo's supervision. |
| Chuck Parker<br>Hewlett-Packard Company<br>4785 Gava Ct<br>Auburn, CA 95602-9615 | Mr. Parker may be called testify regarding the 2004 WFR that resulted in Plaintiff's termination.  Mr. Parker may also testis regarding HP's workplace policies. |
| Michael Platzer<br>62-21 Elliot Avenue<br>Middle Village, New York 11379 | Mr. Platzer may be called to testify as to his claims in this case and alleged damages. |
| Lyndi Reed<br>Hewlett-Packard Company<br>Houston, Texas | Mr. Reed is expected to testify as to the creation of the Response Center Engineer job group, her decision to hire Michael Platzer, Plaintiff's performance, duties, skills and capabilities while under her supervision and her evaluation of his performance.  Ms. Reed may also testify regarding Plaintiff's requests for medical leave and the accommodations afforded to Plaintiff, the WFR and Plaintiff's termination. |
| Karen Roberts<br>Hewlett-Packard Company | Ms. Roberts may be called to provide testimony regarding Plaintiff's leaves of absence.  She may also be called to testify about the accommodations HP provided to Plaintiff.  Ms. Roberts may also provide information pertaining to Plaintiff's workers' compensation claims.  She may also testify regarding HP's workplace policies. |
| Lee Rodriguez<br>Hewlett-Packard Company<br>Florida | Mr. Rodriguez may testify as to Plaintiff's duties, performance and skills while under Mr. Rodriguez's supervision and his evaluations of Plaintiff's performance and as to Plaintiff's allegations. |
| Eric Shoaf<br>Hewlett-Packard Company<br>Roseville, CA | Mr. Shoaf may be called testify regarding the 2004 WFR and related business decisions that resulted in Plaintiff's termination. |
| Larry Terrell<br>Hewlett-Packard Company | Mr. Terrell may be called testify regarding the 2004 WFR and related business decisions that resulted in Plaintiff's termination. |
| Juanita Thomas | Ms. Thomas may be called to provide testimony regarding the WFR the resulted in Plaintiff's termination.  She may also testify regarding HP's workplace policies. |
| Dr. Joseph Dryer | Dr. Dryer is an orthopedic surgeon.  Dr. Dryer treated |

| | |
|---|---|
| 530 1st Avenue, Ste 8U<br>New York, New York 10016 | Michael Platzer for his back and operated on his lower back.  Dr. Dryer may be called to testify regarding the Michael Platzer's medical problems and the treatment he provided Mr. Platzer |
| Dr. Mark Eisenberg<br>900 Northern Blvd.<br>Great Neck, New York 11021 | Dr. Eisenberg is a neurologist.  He provided medical treatment to Michael Platzer for his neck.  Dr. Eisenberg also performed neck surgery on Michael Platzer.  Dr. Eisenberg may be called as a witness to testify as to Michael Platzer's medical condition and his diagnosis, surgery, treatment and recovery. |
| Dr. Richard Istrico<br>158-01 Crossbay Blvd.<br>Howard Beach, New York 11414 | Dr. Istrico may be called testify as to Michael Platzer's medical issues. |
| Dr. Vincent Leone<br>833 Northern Blvd., Ste 220<br>Great Neck, New York 11021 | Dr. Leone may be called to testify regarding Plaintiff's neck and back problems and any surgery, physical capabilities and limitations and his diagnosis and treatment thereof. |
| Dr. Sanford Ratner<br>295 Community Drive<br>Great Neck, New York 11021 | Dr. Ratner provided medical care to Michael Platzer for Michael Platzer's abdominal pain and may be called to provide testimony regarding such treatment. |
| Dr. Marc Sher<br>3003 New Hyde Park Road, Ste 309<br>New Hyde Park, New York 11042 | Dr. Sher may be called to provide testimony regarding Michael Platzer's stomach problems and stomach surgery in December 2004. |

2.     Impeachment or Rebuttal Witnesses

| | |
|---|---|
| Charlie Boyle<br>Hewlett-Packard Company | Mr. Boyle may be called to rebut Plaintiff's testimony regarding Plaintiff's alleged 2000 interview with Mr. Boyle for an escalation engineer position if Plaintiff submits evidence regarding this position and is allowed to introduce it. |
| Rita Delima<br>Hewlett-Packard Company | Ms. Delima may be called to rebut Plaintiff's testimony regarding Plaintiff's efforts to secure employment in Ms. Delima's organization in 2000 if Plaintiff submits evidence |

| | |
|---|---|
| | regarding this position and is allowed to introduce it. |
| Tom Donnelly<br>Hewlett-Packard Company | Mr. Donnelly may be called to rebut Plaintiff's testimony pertaining to Mr. Donnelly's selection for a position in the system support engineer organization in 2001 if Plaintiff submits evidence regarding this position and is allowed to introduce it. |
| Raul Garcia<br>Hewlett-Packard Company | Mr. Garcia may be called to testify regarding Plaintiff's efforts to secure employment in Mr. Garcia's organization following his notification of the WFR. |
| Cheryl Goff (HPEM)<br>Hewlett-Packard Company | Ms. Goff may be called to testify regarding Plaintiff's efforts to secure employment following his notification of the WFR. |
| Joe Jacobovitz<br>Hewlett-Packard Company | Mr. Jacobovitz may be called to testify regarding Plaintiff's efforts to secure employment in Mr. Jacobovitz's organization following his notification of the WFR. |
| Donna Platzer<br>62-21 Elliot Avenue<br>Middle Village, New York<br>11379 | Ms. Platzer may be called to testify regarding Michael Platzer's activities, limitations and employment by HP and for impeachment purposes. |
| Richard Platzer | Richard. Platzer may be called to testify regarding Michael Platzer's activities, limitations and employment by HP and for impeachment purposes. |
| Michael Platzer's father-in-law | Michael Platzer's father-in-law may be called to testify regarding Michael Platzer's activities, limitations and employment by HP and for impeachment purposes. |
| Michael Platzer's mother-in-law | Michael Platzer's mother-in-law may be called to testify regarding Michael Platzer's activities, limitations and employment by HP and for impeachment purposes. |
| Robert Russell | Mr. Russell may be called to testify regarding Michael Platzer's activities, limitations and employment by HP and for impeachment purposes. |
| Ralph Sanchez (ATSM)<br>Hewlett-Packard Company | Mr. Sanchez may be called to testify regarding Plaintiff's efforts to secure employment following his notification of the WFR. |
| Maura Tonguet<br>Hewlett-Packard Company | Ms. Tonguet may be called to testify regarding Plaintiff's efforts to secure an escalation engineer position in her organization in 2001 if Plaintiff submits evidence regarding this position and is allowed to introduce it. . |
| Edgar White (CSM)<br>Hewlett-Packard Company | Mr. White may be called to testify regarding Plaintiff's efforts to secure employment following his notification of the WFR. |

3.      Expert Witnesses

| Name/Address | Expected Testimony |
|---|---|
| Dr. Jeffrey A. Goldstein<br>19 Beekman Street<br>New York, New York 10038 | Dr. Goldstein is Defendant's medical expert and expected to provide testimony regarding Michael Platzer's physical issues and any resulting physical limitations. |

## VIII.   Deposition Testimony

A.      Plaintiff

Plaintiff intends to offer relevant excerpts of the following deposition testimony only to the extent necessary for impeachment or cross-examination of a witness:

Lyndi Reed – conducted on June 28, 2007
Libardo Rodriguez – conducted on June 29, 2007

Defendant's Counter Designations and Objections

Defendant objects to Plaintiff's designations and is unable to provide counter esignations because Plaintiff has failed to designate specific testimony.

B.      Defendant

Plaintiff Michael Platzer
(Page:Line)

`

28:8 – 28:20
29:2 – 29:5
29:20 – 30:6
30:16 – 30:20
31:16 – 31:20
57:5 – 58:3
58:5 – 60:7
71:3 – 71:24
100:4 – 103:23
107:5 – 108:5
111:2 – 111:3
112:2 – 112:121
113:21 -113:22
114:13 – 116:8
116:23 – 117:10

23

123:5 – 123:9
123:21 – 124:13
124:19 – 124:21
125:3 – 125:5
126:4 – 126:7
127:11 – 127:15
130:24 – 131:4
137:7 – 138:2
140:11 – 140:25
143:18 – 144:2
144:15 -145:6
147:3 – 148:7
157:10 – 159:5
159:23 – 162:15
164:2 – 166:18
167:14 – 167:24
168:14 – 169:2
185:21 – 186:13
192:10 – 192:23
193:19 – 195:15
196:7 – 196:13
197:22 – 198:24
199:10 – 200:14
209:24 – 210:25
211:2 – 212:21
217:23 – 220:16
227:7 – 227:13
237:14 – 237:20
238:4 – 138:17
242:23 – 243:18
248:2 – 248:15
250:15 – 250:24
252:24 – 253:2
253:16 – 254:7
261:2 – 261:24
265:10 – 270:10
329:10 – 336:14
340:4 – 343:53
345:3 – 347:13
350:13 – 350:24
354:20 – 355:17
357:19 – 358:13
362:2 – 384:12
391:13 – 391:21
391:25 – 393:16
396:3 – 396:5

Plaintiff has no objections or counter designations.

Lyndi Reed
(Page:Line)

12:15 – 15:16
17:22 – 19:17
20:1 – 23:18
25:9 – 25:18
32:14 – 32:19
32:22 – 33:8
33:9 – 36:1
36:6 – 36:8
36:9 – 37:4
38:5 – 39:13
39:19- 41:17
41:21 – 42:4
43:21 – 44:6
44:10 – 44:11
44:17 – 44:20
46:16 – 46:18
47:11 – 53:7
58:8 – 58:14
58:17 – 59:10
59:11 – 60:11
60:14 – 63:12
64:5 – 65:16
65:18 – 68:7
69:5 – 70:10

Plaintiff has no objections or counter designations.

Lee Rodriguez
(Page:Line)

8:14 – 8:20
9:7 – 9:16
17:4 – 19:22
20:19 – 21:10
21:19 – 22:1
22:7 – 23:18
24:11 – 27:9
27:17 – 31:2
32:4 – 38:18
39:11 – 40:2

40:13 – 40:21
42:6 – 43:7
43:17 – 44:12
45:13 – 46:10
47:8 – 47:15

Plaintiff has no objections or counter designations.

Dr. Mark B. Eisenberg
(Page:Line)

10:14 – 10:20
10:21 – 11:11
11:18 – 12:19
13:19 – 14:9
14:15 – 15:2
15:3 – 15:12
16:4 – 17:3
17:14 – 18:17
19:6 – 19:9
20:4 – 21:19
22:12 – 24:23
24:24 – 25:12
25:16 – 28:6
28:7 – 28:23
28:24 – 30:11
30:12 – 32:5
32:6 – 32:13
32:14 – 33:15
34:8 – 35:22

Plaintiff has no objections or counter designations.

Dr. Vincent Leone
(Page:Line)

12:12 – 12:21
13:25 – 14:11
16:11 – 16:25
17:7 – 17:10
18:6 – 23:10
23:11 – 23:22
25:4 – 27:23
28:6 – 31:10
31:16 – 36:8
36:14 – 42:19

42:23 – 44:20
45:2 – 46:7
46:14 – 47:9
47:13 – 47:25
48:7 – 49:19
49:25 – 51:3
51:9 – 52:2
52:8 – 53:17
53:23 – 54:19
54:23 – 57:14
57:18 – 59:17
59:24 – 60:21

Plaintiff has no objections or counter designations.

**IX.**   **Exhibits**

Λ.   Plaintiff

Plaintiff identifies the following list of exhibits it currently intends to offer into evidence at trial either through direct examination, cross-examination, impeachment or rebuttal. Plaintiff reserves his right to proffer and/or use any exhibit listed on Defendant's exhibit list.

| Date | Description | Objection |
|---|---|---|
| 5/16/06 | Federal Court Complaint | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 3/21/05 | EEOC Charge and Affidavit (Admitted as Exhibit "Λ" to Defendant's Request for Admissions) | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| | New York State Division of HR Charge | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| | EEOC Right to Sue Letter | |
| | Plaintiff's Demand and Defendant's Responses to Plaintiff's Demand for Production of Documents | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| | Plaintiff's First Set of Interrogatories and Defendant's Responses to Plaintiff's First Set of Interrogatories | |

| | | |
|---|---|---|
| | Defendant's First Set of Interrogatories to Plaintiff and Plaintiff's Responses to Defendant's Interrogatories | |
| | Defendant's First Request for Production of Documents and Plaintiff's Responses to Defendant's First Request for Production of Documents | F.R.C.P. 401, 402 , 403 (irrelevant) |
| | Defendant's First Request for Admissions and Plaintiff's Responses to Defendant's First Request for Admissions | |
| 6/28/01 | Employee Performance Evaluation (Exhibit "A" to Deposition of Lee Rodriguez) | |
| 10/17/06 | Subpoena to Dr. Vincent Leone issued by Defendant's counsel (Ex. 1 to Deposition of Dr. V. Leone conducted on 7/6/07) | |
| 10/20/06 | Declaration Certifying the Authenticity of Business Records (Ex. 2 to Deposition of Dr. V. Leone conducted on 7/6/07) | |
| 10/20/06 | Document entitled "Patient Procedure History by DT Service" (Ex. 3 to Deposition of Dr. V. Leone conducted on 7/6/07) | |
| 6/18/99 | Dr. Leone's Office Notes (Ex. 4 to Deposition of Dr. V. Leone conducted on 7/6/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| 9/13/99 | Dr. Leone's Office Notes (Ex. 5 to Deposition of Dr. V. Leone conducted on 7/6/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| 9/24/99 | Dr. Leone's Office Notes (Ex. 6 to Deposition of Dr. V. Leone conducted on 7/6/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| 1/3/00 | Dr. Leone's Office Notes (Ex. 7 to Deposition of Dr. V. Leone conducted on 7/6/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |

| | | |
|---|---|---|
| 2/7/00 | Dr. Leone's Office Notes (Ex. 8 to Deposition of Dr. V. Leone conducted on 7/6/07) | |
| 4/10/00 | Letter from HP to Dr. Leone regarding HP Medical Restrictions form to complete (Ex. 9 to Deposition of Dr. V. Leone conducted on 7/6/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| 6/26/00 | Dr. Leone's Office Notes (Ex. 10 to Deposition of Dr. V. Leone conducted on 7/6/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| 1/15/01 | Dr. Leone's Office Notes (Ex. 11 to Deposition of Dr. V. Leone conducted on 7/6/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| 3/19/01 | Dr. Leone's Office Notes (Ex. 12 to Deposition of Dr. V. Leone conducted on 7/6/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| 8/11/01 | Dr. Leone's Office Notes (Ex. 13 to Deposition of Dr. V. Leone conducted on 7/6/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| 11/3/01 | Dr. Leone's Office Notes (Ex. 14 to Deposition of Dr. V. Leone conducted on 7/6/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| 1/28/02 | Dr. Leone's Office Notes (Ex. 15 to Deposition of Dr. V. Leone conducted on 7/6/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| 4/1/02 | Dr. Leone's Office Notes (Ex. 16 to Deposition of Dr. V. Leone conducted on 7/6/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| 5/29/02 | Dr. Leone's Office Notes (Ex. 17 to Deposition of Dr. V. Leone conducted on 7/6/07) | |
| 12/15/04 | Dr. Leone's Office Notes and document for Workers' Compensation (Ex. 18 to Deposition of Dr. V. Leone conducted on 7/6/07) | |

| | | |
|---|---|---|
| 11/20/01 | Letter from Dr. Leone (Ex. 19 to Deposition of Dr. V. Leone conducted on 7/6/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| 8/5/96 | Document reflecting Plaintiff's training report (Ex. 1 to Deposition of Plaintiff conducted on 5/17/07) | |
| 3/23/94 | Plaintiff's HP employment application (Ex. 2 to Deposition of Plaintiff conducted on 5/17/07) | |
| Undated | Plaintiff's résumé (Ex. 3 to Deposition of Plaintiff conducted on 5/17/07) | |
| 4/13/94 | Plaintiff's Offer letter (Ex. 4 to Deposition of Plaintiff conducted on 5/17/07) | |
| 4/14/94 | Employment Acceptance Form (Ex. 5 to Deposition of Plaintiff conducted on 5/17/07) | |
| 8/25/97 | Document entitled "Job Profile: Customer Engineer" (Ex. 8 to Deposition of Plaintiff conducted on 5/17/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| Undated | Plaintiff's job history (Ex. 9 to Deposition of Plaintiff conducted on 5/17/07) | |
| 5/18/01 | Document entitled "Management/Supervisor Change Request Form" (Ex. 10A to Deposition of Plaintiff conducted on 5/17/07) | |
| 5/18/01 | Document entitled "Job Change Request Form" (Ex. 10B to Deposition of Plaintiff conducted on 5/17/07) | |
| 6/25/01 | E-mail conversation between Plaintiff and V. Hodge (Ex. 11 to Deposition of Plaintiff conducted on 5/17/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 7/23/01 | E-mail to Plaintiff from Lyndi Reed re: RCE position (Ex. 12 to Deposition of Plaintiff conducted on 6/1/07) | |

| 5/16/06 | Plaintiff's Complaint (missing Page 7) (Ex. 13 to Deposition of Plaintiff conducted on 6/1/07) | F.R.C.P 802 (inadmissible hearsay) |
|---|---|---|
| Undated | Performance Plan and Review for Period through 1/31/03 (Ex. 14 to Deposition of Plaintiff conducted on 6/1/07) | |
| Undated | Performance Plan and Review for period between 2/1/03-10/31/03 (Ex. 15 to Deposition of Plaintiff conducted on 6/1/07) | |
| Various dates in December 2003 | Email chain re: Plaintiff's complaints about the building environment problems (Ex. 16 to Deposition of Plaintiff conducted on 6/1/07) | |
| Various dates in December 2003 | Email chain re: Plaintiff's complaints about the heating and lighting codes for building after hours (Ex. 17 to Deposition of Plaintiff conducted on 6/1/07) | |
| Various dates in January 1994 | Email chain re: Plaintiff's complaints about the heating and lighting codes for building after hours (Ex. 18 to Deposition of Plaintiff conducted on 6/1/07) | |
| Various dates in April 2004 | Email chain re: Plaintiff's complaints about the heating and lighting codes for building after hours (Ex. 19 to Deposition of Plaintiff conducted on 6/1/07) | |
| 3/5/04 | Handwritten notes faxed to Lyndi Reed re: doctor's note (Ex. 20 to Deposition of Plaintiff conducted on 6/1/07) | |
| 4/28/04 | Email re: Flexible Work Arrangement Change (Ex. 21 to Deposition of Plaintiff conducted on 6/1/07) | |
| 4/23/04 | Email from Lyndi Reed to Plaintiff re: new work scheduled (Ex. 22 to Deposition of Plaintiff conducted on 6/1/07) | |

| 4/26/04 | Photocopies of doctor's notes from Dr. R. Istrico (Ex. 23 to Deposition of Plaintiff conducted on 6/1/07) | |
| 5/3/04 | E-mail from Lyndi Reed to Plaintiff re: F.T.O. Changes Form (Ex. 24 to Deposition of Plaintiff conducted on 6/1/07) | |
| 6/9/04 | Letter from Dr. Ratner regarding Plaintiff out of work from 6/7/04-6/9/04 (Ex. 25 to Deposition of Plaintiff conducted on 6/1/07) | |
| 6/10/04 | E-mail from Plaintiff to Lyndi Reed re: "Sick Days and still very weak today" (Ex. 26 to Deposition of Plaintiff conducted on 6/1/07) | |
| 6/17/04 | Letter to Dr. Ratner re: CT Scan of Plaintiff's Abdomen and Pelvis (Ex. 27 to Deposition of Plaintiff conducted on 6/1/07) | |
| 7/3/04 | Quest Diagnostic Lab report (Ex. 29 to Deposition of Plaintiff conducted on 6/1/07) | |
| 7/1/04 | Memo to Dr. Eisenberg re: X-ray of lumbar spine (Ex. 30 to Deposition of Plaintiff conducted on 6/1/07) | |
| 7/6/04 | Handwritten note and doctor's note sent to Lyndi Reed from Plaintiff (Ex. 32 to Deposition of Plaintiff conducted on 6/1/07) | |
| 7/8/04 | Letter from Dr. Istrico re: Plaintiff's diagnosis and return to work on 7/23/04 (Ex. 33 to Deposition of Plaintiff conducted on 6/1/07) | |
| 7/20/04 | Handwritten notes and doctor's note from Dr. Istrico (Ex. 36 to Deposition of Plaintiff conducted on 6/1/07) | |
| 9/7/04 | Quest Diagnostics Lab reports (part of Ex. 37 to Deposition of Plaintiff conducted on 6/1/07) | |

| | | |
|---|---|---|
| 8/13/04 | Letter from Dr. Sher to Dr. Istrico (Ex. 38 to Deposition of Plaintiff conducted on 6/1/07) | |
| 8/5/04 | LIJ GI Series Report (Ex. 39 to Deposition of Plaintiff conducted on 6/1/07) | |
| 8/13/04 | Doctor's Note from Dr. Sher (Ex. 40 to Deposition of Plaintiff conducted on 6/1/07) | |
| 8/30/04 | E-mail from Lyndi Reed to Plaintiff re: Performance Meeting (Ex. 41 to Deposition of Plaintiff conducted on 6/1/07) | |
| 9/9/04 | E-mail conversation between K. Roberts and Plaintiff re: Sedgwick change (Ex. 42 to Deposition of Plaintiff conducted on 6/8/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| 9/11/04, 915/04, 9/8/04 | VPA Physician's Certification (Dr. Istrico) (Ex. 43 to Deposition of Plaintiff conducted on 6/8/07) | |
| 9/9/04 | E-mail conversation between Plaintiff and Lyndi Reed re: Staffing Needs/Shift Changes (Ex. 44 to Deposition of Plaintiff conducted on 6/8/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 9/16/04 | Letter from Dr. Greenberg re: Small Bowel Endoscopy referral (Ex. 45 to Deposition of Plaintiff conducted on 6/8/07) | F.R.C.P. 401, 402, 403 (irrelevant, confusion of issues, misleading, undue delay, waste of time, needless presentation of cumulative evidence) |
| Undated | Document entitled HP Redeployment/Workforce Restructuring Notification Letter (Ex. 46 to Deposition of Plaintiff conducted on 6/8/07) | |
| 4/27/04 | Document entitled "Workforce Management Job Search Manual" (Ex. 47 to Deposition of Plaintiff conducted on 6/8/07) | |
| 10/26/04 | E-mail from Plaintiff to Raul Garcia re: High Profile Escalations Manager (Ex. 48 to Deposition of Plaintiff conducted on 6/8/07) | |

| | | |
|---|---|---|
| 11/24/04 | Letter from P. Perla to Plaintiff re: surgery scheduled for 12/6/04 (Ex. 49 to Deposition of Plaintiff conducted on 6/8/07) | |
| 12/15/04 | Dr. Leone's Office Notes (Ex. 51 to Deposition of Plaintiff conducted on 6/8/07) | |
| 8/10/07 | Declaration Certifying the Authenticity of Business Records (Ex. 3 to Deposition of Dr. M. Eisenberg conducted on 8/15/07) | |
| 5/22/02 | Letter to Dr. Istrico from Dr. Eisenberg re: neurological consultation (Ex. 4 to Deposition of Dr. M. Eisenberg conducted on 8/15/07) | |
| 9/18/02 | Letter from Dr. Eisenberg to Dr. Istrico re: surgery (Ex. 5 to Deposition of Dr. M. Eisenberg conducted on 8/15/07) | |
| 7/3/02; 11/13/02 | Dr. Eisenberg's Office Notes (Ex. 6 to Deposition of Dr. M. Eisenberg conducted on 8/15/07) | |
| 10/18/02 | Dr. Eisenberg's Operative Report (Ex. 7 to Deposition of Dr. M. Eisenberg conducted on 8/15/07) | |
| 10/18/02 | Winthrop University Hospital Surgical Pathology Report (Ex. 8 to Deposition of Dr. M. Eisenberg conducted on 8/15/07) | |
| 10/30/02 | Dr. Eisenberg letter to Dr. Istrico re: Post-Op follow up (Ex. 9 to Deposition of Dr. M. Eisenberg conducted on 8/15/07) | |
| 10/30/02 | Results re: cervical spine exam (Ex. 10 to Deposition of Dr. M. Eisenberg conducted on 8/15/07) | |
| 1/15/03 | Letter from Dr. Eisenberg to Dr. Istrico re: follow up (Ex. 11 to Deposition of Dr. M. Eisenberg conducted on 8/15/07) | |
| 1/15/03 | Results re: Cervical Spine exam (Ex. 12 to Deposition of Dr. M. Eisenberg conducted on 8/15/07) | |

| | | |
|---|---|---|
| 7/11/03 | Results re: Cervical Spine exam (Ex. 13 to Deposition of Dr. M. Eisenberg conducted on 8/15/07) | |
| 3/8/04 | Report re: X-Ray of surgical spine (Ex. 14 to Deposition of Dr. M. Eisenberg conducted on 8/15/07) | |
| 6/13/05 | EEOC Charge and Affidavit (Admitted as Exhibit "A" to Defendant's Request for Admissions) | Duplicate exhibit; F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| June 2006 | Disability Determination and Transmittal (Admitted as Exhibit "B" to Defendant's Request for Admissions) | |
| 10/5/05 | Disability Report filed by Plaintiff with the Social Security Administration (Admitted as Exhibit "C" to Defendant's Request for Admissions) | |
| 3/8/06 | Papers filed by Plaintiff with the NYS Office of Temporary and Disability Assistance (Admitted as Exhibit "D" to Defendant's Request for Admissions) | |
| Various | Plaintiff's performance reviews (Admitted as Exhibit "E" to Defendant's Request for Admissions) | |
| Various | Handwritten notes by Plaintiff (Admitted as Exhibit "F" to Defendant's Request for Admissions) | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 3/12/03 | Fax from Plaintiff to Lyndi Reed (Admitted as Exhibit "G" to Defendant's Request for Admissions) | |
| 7/8/03 | Fax from Plaintiff to Lyndi Reed (Admitted as Exhibit "H" to Defendant's Request for Admissions) | |

| 7/14/03 | Letter from Dr. Levin to Defendant (Admitted as Exhibit "I" to Defendant's Request for Admissions) | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
|---|---|---|
| 7/17/03 | Letter from Dr. Levin (Admitted as Exhibit "J" to Defendant's Request for Admissions) | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence |
| 7/17/03 | Next Generation Radiology report (Admitted as Exhibit "K" to Defendant's Request for Admissions) | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 7/24/03 | Letter from Dr. Levin to Defendant (Admitted as Exhibit "L" to Defendant's Request for Admissions) | |
| 9/14/03 | Fax from Plaintiff to Lyndi Reed (Admitted as Exhibit "M" to Defendant's Request for Admissions) | |
| 11/03 | Handwritten note from Plaintiff to Lyndi Reed (Admitted as Exhibit "N" to Defendant's Request for Admissions) | |
| Various | HP Critical dates for redeployment, restructuring, termination | |
| Various | HP Severance estimates | |
| Various | Michael Platzer's Last Field Progress Report | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| Various | HP Instructions for Waiver and General Release Agreement w/ cover letter | F.R.C.P. 401, 402, 403 (undue delay, waste of time, needless presentation of cumulative evidence) |
| Various | HP Restructuring Summary Plan Description | |
| Various | HP notification letter to Michael Platzer of redeployment/workforce restructuring | |

| 11/1/04 | HP letter & Employee checklist to Michael Platzer confirming transition into the Workforce Restructuring Program | |
|---|---|---|
| 4/27/04 | HP Workforce Management Job Search Manual | |
| 9/6/2000 | E-mail from Michael Platzer (resume attached) to Rita Delima | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| Various | Documents evidencing Plaintiff's job search after being placed on Workforce Reduction in October 2004 | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 2/28/01 | Michael Platzer HP Employee Performance Evaluation | |
| 6/99 | Michael Platzer's HP Performance Evaluation and Development Plan | |
| 6/29/01 | MDDM e-mail w/ attached HP Employee Performance Evaluation for Michael Platzer dated 6/28/01 | |
| 8/30/04 | E-mail from Lyndi Gay Reed to Michael Platzer referencing availability | |
| 9/9/04 | Problem Description: STD Data Correction | |
| 2003 | HP Performance Review for Michael Platzer | |
| 2003 | W2 & 1099 for Michael Platzer from HP | |
| 2004 | W2 & 1099 for Michael Platzer from HP | |
| 2005 | 1099 for Michael Platzer from Computer Share | |
| Various | HP Stock Option Report for Michael Platzer | |
| 2005 | W2s for Michael Platzer from HP & VPA Client Services | |
| 8/24/06 | Letter from VPA, Inc. requesting reimbursement of alleged LTD & STD overpayment | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| Various | Explanation of Benefits for Michael Platzer | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |

| | | |
|---|---|---|
| 9/1/06 | Check #s 134857 & 134856 with rect for purchase of cert mail | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 9/1/06 | Certified mail receipt | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| Various | STD alleged overpayment calculation | |
| Various | LTD alleged overpayment calculation | |
| 9/12/06 | Letter from VPA, Inc. confirming receipt of checks 134856 and 134857 | |
| 4/13/06 | Letter from Crowe, Paradis & Albren, LLP attorneys at law offering representation in pursuit of SSDB | |
| 7/14/06 | Notice of Award of disability benefits | |
| 9/13/04 | E-mail from Tania Buffo to Michael Platzer in re: Leave Status update | |
| 9/9/04 | STD data correction | |
| Various | HP Workers Comp Ins Check # 22479 | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| Various | HP letter indicating refund due for overpaid taxes pursuant to reimbursement of alleged overpayment of disability benefits | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 12/20/01 | Notice of Decision from Workers Compensation Board | |
| Various | hand written calculation of days | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 7/15/98 | e-mail from HP to Tony Licciardone and Michael Platzer in re confirmation of employee LAST DAY WORKED | |
| 9/11/04 | Physicians Certification for Disability Benefits | |
| 9/15/04 | Right of Reimbursement | |
| 9/15/04 | Authorization for Release of Info | |

| | | |
|---|---|---|
| 9/16/04 | FAX cvr ltr from Michael Platzer to Kimber Haliburton | |
| 9/8/04 | HP explanation of benefits | |
| 2/18/05 | Letter and e-mail from Neil Frank to HP HR | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 6/13/05 | Michael Platzer affidavit to EEOC | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| Various | FAX cvr ltr and ltr from HP Sr Counsel to Neil Frank | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 10/19/05 | Ltr from the Div of Human Rights to Michael Platzer | |
| 11/1/05 | Ltr from Frank & Associates to Donna Tracey of Div of Human Rights | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 11/3/05 | Ltr from Frank & Associates to EEOC | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 3/17/05 | Ltr from Zabell & Assoc, Notice of appearance by Frank & Assoc and Charge of Discrimination | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 3/17/05 | Michael Platzer affidavit to EEOC | Duplicate exhibit; F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 11/1/05 | FAX from Frank & Associates to Donna Tracey of Div Human Rights | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 9/21/05 | Ltr from Div of Human Rights to Zabell & Associates | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 10/13/06 | Ltr from Div of Human Rights and Order of Dismissal for Admin Convenience | |
| 5/3/04 | e-mails between Lyndi Gay Reed & Michael Platzer | |

| 4/28/04 | e-mail between Lyndi Reed and Michael Platzer | |
|---------|------------------------------------------------|--|
| Various | Handwritten note -- Days w/out pay or sick time | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 9/9/04 | e-mails between Lyndi Reed and Michael Platzer | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| Various | Handwritten note -- Days w/out pay or sick time used | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 2001 | Handwritten note – days w/out pay or sick days | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| Various | Handwritten note – days w/out pay or sick days | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 10/25/04 | e-mail from Lyndi Reed | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| Various | Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 3/17/03 | e-mail from Lyndi Reed in re shifts | |
| 9/22/04 | e-mail from Dale Smitchger | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 10/29/04 | e-mail from Antonio Fonsi | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| Various | Typed note from Warren | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |

| 9/30/03 | e-mail in re call for review for Michael Platzer | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay)) |
| Various | Appreciation letter from Bob Floyd/Americas Customer Support | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 8/25/03 | e-mail from Kenneth Porter "good job" | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 12/29/03 | e-mail from Antonio Fonsi to Lyndi Reed "thanks" | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay)) |
| 10/12/03 | e-mail from Luvenia Lewis to Lyndi Reed in re "thank you Michael" | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 12/16/03 | e-mail from Michael Platzer to Lyndi Reed in re reward money | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| Various | e-mails between Michael Platzer and Valerie Hodge | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 12/29/03 | e-mails between Lyndi reed and Antonio Fonsi | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| Various | e-mails between Jim March and Michael Platzer | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| Various | E-mail from Michael Platzer | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| Various | Last Field Progress Report | Duplicate exhibit; F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |

| 2/29/04 | e-mail from Choctaw Nation thanking Michael Platzer | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
|---|---|---|
| 4/14/04 | e-mail from Larry Miner "compliments to Michael" | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 10/14/04 | e-mail from Betty Smith | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| Various | Hardware Support Business Plan by Michael Platzer | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| Various | Resume of Michael Platzer | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| Various | Sungard job listings | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence; F.R.C.P 802 (inadmissible hearsay) |
| 11/21/04 | e-mail and resumes from Michael Platzer to Bank of NY | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 4/12/05 | "thank you" e-mail from Michael Platzer to EMC | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 8/15/05 | e-mail from Michael Platzer to shauna@accessdata.com | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| Various | e-mails between Michael Platzer & Harold Laslo | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| Various | e-mails from Michael Platzer | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| Various | Dell Search Jobs | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |

| Various | e-mails from Michael Platzer | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
|---|---|---|
| 4/12/05 | e-mail and job listing from Michael Platzer | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| Various | e-mails and resumes referencing job search by Michael Platzer | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 9/27/05 | e-mail from Michael Platzer and Trojan.Tooso.P virus data | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 9/7/04 | Quest Diagnostics final Report | |
| 7/9/04 | Doctor's Letter (Dr. Richard Istrico) | |
| 7/6/04 | Dr. Istrico note to return to work | |
| Various | Doctor's note from Dr. Friedman explaining absence | |
| 7/14/03 | Doctor's note from Dr. Levin | |
| 7/24/03 | Doctor's note from Dr. Levin | |
| 7/8/03 | Certificate to return to work and handwritten note to Lyndi | |
| 12/5/03 | e-mail from Andy Mensch – New Address | |
| 12/21/03 | e-mail from Andy Mensch – out of work | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 12/18/03 | e-mail in re sql982E.txt | |
| 1/6/04 | e-mail from Jack Bambary to Michael Platzer | |
| 1/7/04 | e-mails between Michael Platzer and Lyndi Reed – new phone# | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 1/20/04 | e-mails between Michael Platzer, Lyndi Reed and Andy Mensch | |
| 2/20/04 | e-mails w/ attachment between Lyndi Reed and Michael Platzer | |

| | | |
|---|---|---|
| 4/5/04 | e-mails w/ attachment between Lyndi Reed and Michael Platzer | |
| 12/17/03 | Michael Platzer e-mails w/ attachments | |
| 2/20/04 | e-mails w/ attachment between Lyndi Reed and Michael Platzer | |
| 12/21/03 | e-mails w/ attachment between Karen Marie Thomas and Michael Platzer | |
| Various | Interoffice e-mails – in re Ergo Chair lost | |
| Various | Interoffice e-mails – in re After Hours in Melville | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 12/18/03 | e-mail between Lyndi Reed and Michael Platzer – in re non-healthy working conditions | |
| 8/03 | E-mails exchanged between Plaintiff and HP personnel regarding the air conditioner problems in the building. | |
| 5/11/07 | Report from Dr. Leone re: Plaintiff's follow-up visit | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 4/00 | Documents regarding Plaintiff's completed HP medical restrictions form | |
| 10/13/06 | Dr. Leone's Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 5/11/07 | Dr. Leone's Office Notes | |
| 10/13/06 | Dr. Leone's Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 12/9/06 | Dr. Leone's Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 2/9/07 | Note from Dr. Leone | |

| | | |
|---|---|---|
| 5/06 | Documentation regarding Plaintiff's impairment questionnaire | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 2/9/07 | Dr. Leone's Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 8/14/06 | Dr. Leone's Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 7/31/06 | Dr. Leone's Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 6/30/06 | Dr. Leone's Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 5/12/06 | Dr. Leone's Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 2/10/06 | Dr. Leone's Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 11/11/05 | Dr. Leone's Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 8/12/05 | Dr. Leone's Office Notes | |
| 6/1/05 | Dr. Leone's Office Notes | |
| 3/9/05 | Dr. Leone's Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 1/21/05 | Dr. Leone's Office Notes | |
| 12/14/05 | Dr. Leone's Office Notes | |
| 7/15/06 | MRI Report | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 3/4/05 | MRI Lumbar Spine Report | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 4/14/05 | Initial Consultation report from Dr. Stamatos | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 5/3/05 | Follow-up visit report from Dr. Stamatos | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |

| 4/16/00 | Information from Dr. Leone re: HP's Medical Restrictions Form | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
|---|---|---|
| 12/06 | Dr. F. Hudak's IME Report | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 8/26/05 | Letter from Healthsouth Sports and Rehab Center to Plaintiff | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 8/19/05 | Prescription from Heart Diagnostic Imaging for Dual Isotope Stress Test | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 6/30/05 | Documents concerning Plaintiff's HP Benefits 2005 Continuation of Coverage | |
| 6/27/05 | Handwritten notes to HP Benefits Center from Plaintiff | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 1/16/05 | Documents concerning Plaintiff's Billing Notice | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 2/23/05 | Letter from HP Benefits Appeal Team to Plaintiff | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 4/7/05 | Letter from HP Benefit Claim Review Team to Plaintiff | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| Undated | Document listing critical dates re: WFR | |
| 1/14/05 | Documents concerning BeneFLEX 2005 Confirmation of Coverage | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 11/1/04 | Document concerning enrollment in health insurance coverage | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| Undated | Document entitled "Your Current Coverage" | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| Undated | Letter to Dr. Stamatos from Plaintiff | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 6/15/05 | Dr. Leone's Attending Doctor's Report | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |

| | | |
|---|---|---|
| 7/15/05 | Handwritten notes re: Dr. Bernstein (IME) | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 7/8/05 | Letter from VPA to Plaintiff | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 7/15/05 | Letter from VPA to Plaintiff | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 7/19/05 | Handwritten notes re: VPA | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 6/1/05 | Dr. Leone's Office Notes | |
| Undated | Blank VPA Daily Activities Questionnaire | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 7/15/06 | MRI Joint Lower Extremities Report | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| Undated | Plaintiff's Disabled American Veterans' card | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 8/24/06 | Letter from VPA to Plaintiff | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 6/23/06 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 9/15/06 | Letter from VPA to Plaintiff | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 7/26/06 | Letter from VPA to Plaintiff | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 1/28/05 | Letter from Dr. Sher re: Plaintiff's surgery | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 3/25/06 | NYS Office of Temporary and Disability Assistance Authorization to Release Consultative Examination Report | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| Undated | IMA Medical History Form | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |

| 12/27/06 | WCB Notice of Decision | |
|---|---|---|
| 1/26/07 | Dr. F. Hudak's 2nd addendum to his IME Report | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 1/25/07 | Dr. Sharma's Addendum to his IME of 10/19/06 | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 2/3/07 | Dr. Hudak's 3rd Addendum to IME report | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 1/17/07 | Letter from Sedgwick to M. LoRusso | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 1/23/07 | Letter from Sedgwick to North American Partners in Pain Management re: Authorization for treatment | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 7/20/04 | Doctor's note from Dr. Istrico w/ handwritten notes to Lyndi Reed | |
| 7/5/03 | Doctor's Note from Dr. Istrico | |
| 4/14/05 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 5/3/05 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 7/29/05 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 9/2/05 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 9/23/05 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 10/21/05 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 11/22/05 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 12/16/05 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |

| | | |
|---|---|---|
| 1/13/06 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 2/8/06 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 3/1/06 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 3/29/06 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 4/26/06 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 5/26/06 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 6/23/06 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 7/21/06 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 8/18/06 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 9/29/06 | Dr. Stamatos' Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 12/14/04 | Letter from Dr. Sher to Dr. Istrico | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 12/6/04 | Dr. Sher's Report of Plaintiff's operation | |
| 12/9/04 | Letter from Dr. Meyersfield to Dr. Sher re: consultation | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 12/6/04 | Report re: 12/6/04 Procedure (Dr. Goffin, Attending Radiologist) | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 11/30/04 | Letter from Dr. Sher to Dr. Istrico | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |

| 12/6/04 | Films from Plaintiff's 12/6/04 procedure | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
|---------|------------------------------------------|---------------------------------------------------------------------------------------------------------------|
| 11/16/04 | Letter from Dr. Greenberg to Dr. Sher re: Capsule Small Bowel Endoscopy | |
| 9/16/04 | Letter from Dr. Greenberg to Oxford Health Plans re: Capsule Small Bowel Endoscopy | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 8/13/04 | Letter from Dr. Sher to Dr. Istrico | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 2/00 | E-mails exchanged between Plaintiff and HP personnel regarding Plaintiff's requests to attend training classes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence); F.R.C.P 802 (inadmissible hearsay) |
| 6/23/06 | WCB Notice of Decision | |
| 12/28/05 | Social Security Request for Information | |
| 9/16/05 | Statement of Claimant or Other Person | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 6/7/06 | SSA Reports of Contact w/ Dr. Stamatos | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 6/7/06 | SSA Report of Contact with Dr. Leone | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 6/7/07 | Medical Consultant's Review of Physical Residual Functional Capacity Assessment | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 2/10/06 | NYS Office of Temporary and Disability Assistance information questionnaire | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 11/8/99 | Dr. Leone's Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 4/14/05 | Dr. Stamatos' initial consultation report | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 5/6/02 | Dr. Leone's Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 5/29/02 | Dr. Marini's report | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |

| | | |
|---|---|---|
| 2/13/05 | Dr. Bressler's report | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 11/1/00 | Dr. Leone's Office Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 2/10/00 | Doctor's note from Dr. Leone | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 2/15/00 | Dr. Leone's Progress Notes | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |
| 10/18/99 | Dr. Leone's doctor's note | F.R.C.P. 401, 402, 403 (irrelevant, undue delay, waste of time, needless presentation of cumulative evidence) |

B.    <u>Defendant</u>

Defendant reserves the right to proffer or use any exhibit listed on Plaintiff's exhibit list during its case in chief or for impeachment or rebuttal purposes.

Plaintiff has offered no objections to Defendant's exhibit list.
.

| No. | Description |
|---|---|
| | Lyndi Reed Affidavit dated October 4, 2007 |
| | Answer to Complaint |
| | Michael Platzer training log |
| | Employment Application of Michael Platzer, dated March  23, 1994 |
| | Employment Resume of Michael Platzer |
| | Offer letter from HP dated April 13, 1994 |
| | Employment Acceptance Form |
| | Michael Platzer HP Job History |
| | Manager/Supervisor Change Request Form generated May 18, 2001 |
| | Job Change Request Form generated May 18, 2001 |
| | Email from Michael Platzer to Valerie Hodge dated May 15, 2001 |
| | Email from Lyndi Reed to Michael Platzer forwarding offer letter for Response Center Engineer position dated May 14, 2001 |
| | Michael Platzer Performance Review dated January 31, 2003 |
| | Michael Platzer 2003 Year-End Performance Review |
| | Email exchange between Lyndi Reed and Michael Platzer dated December 18, 2003 regarding office temperature work request |
| | Email from Nancy Anderson regarding access code information for heats and lights dated December 31, 2003 |
| | Emails regarding completion of work request relating to office lights dated January 14, 2004 |

51

| | |
|---|---|
| | Work request dated March 22, 2004 regarding office temperature |
| | Note from Michael Platzer to Lyndi Reed dated March 5, 2004 forwarding doctor's note for March 3, 2004 absence |
| | Flexible work arrangement change form dated April 28, 2004 |
| | Email from Lyndi Reed to Michael Platzer regarding change in work schedule dated April 23, 2004 |
| | Copy of doctor's note relating to April 2004 absences |
| | Email exchange between Lyndi Reed and Michael Platzer dated May 3, 2004 regarding flexible time off (FTO) changes |
| | Letter from Dr. Sanford Ratner dated June 9, 2004 |
| | Email from Michael Platzer to Lyndi Reed dated June 10, 2004 regarding recent health problems and concerns regarding absenteeism |
| | Letter from Dr. Lori Goffner to Sanford Ratner dated June 17, 2004 |
| | Lab report from Quest Diagnostics reported July 3, 2004 |
| | Letter from Dr. Jerrold Feit to Dr. Marc Eisenberg regarding July 1, 2004 exam |
| | Letter from Dr. Shirley Bow dated July 1, 2004 |
| | Note from Michael Platzer to Lyndi Reed dated July 6, 2004 forwarding doctor's note from Dr. Richard Istrico |
| | Letter from Dr. Richard Istrico dated July 8, 2004 regarding Michael Platzer's absences from work in July 2004 and noting return to work date of July 23, 2004 |
| | Note from Michael Platzer to Lyndi Reed dated July 20, 2004 forwarding doctor's note regarding July 2004 absences and scheduled return to work |
| | Note from Michael Platzer to Lyndi Reed dated July 20, 2004 forwarding doctor's note regarding July 2004 absences and scheduled return to work |
| | Letter from Dr. Marc Sher to Dr. Richard Istrico dated August 13, 2004 |
| | Radiologist report completed by Dr. Richard Ambrosio dated August 6, 2004 |
| | Doctor's note from Dr. Marc Sher dated August 13, 2004 |
| | Email from Lyndi Reed to Michael Platzer dated August 30, 2004 entitled "Performance Meeting 8/30/04" |
| | Email from Michael Platzer to Lyndi Reed dated February 20, 2004 completion of work request regarding cold temperature in work place |
| | Physician's Certification for Disability Benefits dated September 11, 2004 and signed by Dr. Richard Istrico |
| | HP's Answers and Objections to Plaintiff's First Interrogatories |
| | HP Redeployment/Workforce Restructuring Notification Letter to Michael Platzer |
| | HP Workforce Management Job Search Manual |
| | Email from Michael Platzer to Raul Garcia dated October 26, 2004 regarding high profile escalations manager position |
| | Letter from Pamela Perla (Dr. Marc Sher office) to Michael Platzer schedule stomach surgery dated November 24, 2004 |
| | Office Notes of Dr. Vincent Leone dated December 15, 2004 |
| | Flexible Work Arrangement Change Form dated April 28, 2004 |
| | Flexible Work Arrangement Change Form dated January 29, 2003 |
| | Flexible Work Arrangement Change Form dated May 20, 2003 |
| | Michal Platzer Employee Performance Evaluation dated June 28, 2001 and completed |

| | |
|---|---|
| | by Lee Rodriguez |
| | Note to Lyndi Reed from Michael Platzer forwarding doctor's note from Dr. Mark Friedman regarding absences |
| | Doctors note from Dr. Istrico regarding April 2004 absences |
| | Note from Dr. Lewis Levin dated July 24, 2003 |
| | Job description completed by Lyndi Reed on June 13, 2002 regarding Michael Platzer's claim for disability benefits |
| | Handwritten note from Michael Platzer to Lyndi Reed dated July 8, 2003 forwarding doctor's note from Dr. Richard Istrico regarding July 2003 absences |
| | Fax cover sheet from Michael Platzer to Lyndi Reed dated March 12, 2003 forwarding doctor's note regarding recent absences |
| | Fax from Michael Platzer to Lyndi Reed dated September 14, 2003 forwarding doctor's note for September 6 - 11, 2003 absence |
| | Declaration Certifying the Authenticity of Business Records by Jeanette Copeland dated October 20, 2006 |
| | Patient Procedure History from NY Orthopedic & Spine Services |
| | Office notes of Dr. Vincent Leone dated February 2, 2000 |
| | Office notes of Dr. Vincent Leone dated May 29, 2002 |
| | Office notes of Dr. Vincent Leone dated December 15, 2004 |
| | Note from Dr. Nicholas D. Ambrosio signed August 6, 2004 |
| | Endoscopy Report completed by Dr. Mark Friedman |
| | Email from Linda Webb to Lyndi Reed dated April 7, 2004 regarding options for addressing Michael Platzer's work schedule |
| | Email from Lyndi Reed to Michael Platzer dated January 5, 2004 regarding access code information for heat and lights within office space |
| | Email exchange between Michael Platzer and Lyndi Reed dated April 6, 2004 regarding creation of work order to address cold temperature in office space |
| | Email exchange between Irma Perez, Lyndi Reed and Linda Webb regarding correction of Michael Platzer's time cards and short-term disability leave |
| | Email exchange between Mary Austin, Linda Webb and Lyndi Reed dated August 29, 2004 regarding update on Michael Platzer's attendance and performance issues |
| | Email from Josh Peterson to Lyndi Reed dated December 30, 2004 regarding notice of Michael Platzer's short-term disability application |
| | Spreadsheet of statistics of staff phone calls |
| | March 9, 2005 Letter from Terri Rosen Esq. to Neil Frank, Esq. |
| | HP Global Disengagement Policy |
| | HP Diversity, Equal Employment, and Affirmative Action Policy |
| | HP Nondiscrimination Policy |
| | HP The Best Work Environment Policy – Standard for HP's Work and Business Environment |
| | HP Open Door Policy |
| | HP Harassment-Free Work Environment Policy |
| | HP Nondisrimination Policy dated April 2003 |
| | HP Flexwork Policy |
| | HP U.S. Personal Unpaid Leave Policy |

| | |
|---|---|
| | HP Candidate Tracking Activity pages for High Profile Escalations Account Manager position |
| | Short-Term Disability Application Notice dated August 30, 2004 |
| | Short-Term Disability (STD) Approval Notice dated December 16, 2004 |
| | Email from Josh Peterson to Lyndi Reed dated December 30, 2004 regarding notification of Michael Platzer's application for short-term disability benefits |
| | Social Security Administration - Disability Report Adult stamped October 19, 2005 (signed by Plaintiff October 5, 2005) |
| | New York State - Disability Questionnaire |
| | Social Security Administration - Disability Determination |
| | HP Workforce Restructuring Plan |
| | Letter to Michael Platzer dated November 1, 2004 regarding "Transition from Redeployment to Workforce Restructuring" |
| | Electronic meeting notification of group interview for High Profile Escalation Account Manager |
| | High Profile Escalation Account Manager job description |
| | Email from Michael Platzer to Raul Garcia and Cheryl Goff dated November 2, 2004 with subject line "High Profile Escalation Manager Position" |
| | Email from Michael Platzer to Lyndi Reed dated November 1, 2004 regarding High Profile Escalations Account Manager requisition |
| | Email exchange between Joe Jacobovitz and Michael Platzer dated September 23, 2004 regarding interview for storage position |
| | Email from Michael Platzer to Joe Jacobovitz dated September 24, 2004 expressing thanks for interview for position in Storage Technology Center |
| | Email from Michael Platzer to Lyndi Reed dated November 1, 2004 forwarding email string between Michael Platzer and Joe Jacobovitz regarding open Storage Technology Center position |
| | Email from Michael Platzer to Joe Jacobovitz dated November 3, 2004 following up on status of interview process |
| | Email from Michael Platzer to Raul Garcia dated October 26, 2004 following up on status of hiring decision for High Profile Escalation Manager position |
| | Email exchange between Michael Platzer and Joe Jacobovitz dated October 2, 4004 regarding open Storage Technology Center position and inclusion in WFR |
| | Email from Libardo Rodriguez dated June 29, 2001 regarding completion of performance evaluation and attached evaluation |
| | Problem Description regarding Michael Platzer STD Data Correction |
| | 2002 W-2 Wage and Tax Statement |
| | 2003 Form 1099 – DIV Dividends and Distributions and W-2 and Earnings Statement |
| | 2004 W-2 and Earnings Summary |
| | Stock Option Report for Michael Platzer |
| | 2005 W-2 and Earnings Statement from VPA Client Services |
| | 2005 W-2 and Earnings Statement from HP |
| | April 13, 2006 letter from Crowe, Paradis & Albren to Michael Platzer regarding representation in process for seeking Social Security Benefits |
| | SSA Notice of Award to Michael Platzer dated July 14, 2006 |

| | Email from Tania Buffo to Michael Platzer dated September 13, 2004 regarding leave status update |
|---|---|
| | State of NY Workers' Compensation Board Notice of Decision |
| | Confirmation of Employee Last Day Worked Notice |
| | VPA Right of Reimbursement Form completed by Michael Platzer dated September 15, 2004 |
| | HP Disability Plan Explanation of Benefits dated September 8, 2004 |
| | New York State Division of Human Rights Determination and Order of Dismissal |
| | EEOC Right to Sue Letter dated November 21, 2006 |
| | Email from Lyndi Reed dated March 17, 2003 regarding Solution Center shift preferences |
| | Email from Andy Mensch to all Melville, NY employees providing new office address |
| | Email exchange between Michael Platzer and Andy Mensch dated August 20, 2003 regarding lack of air conditioning in office |
| | Notice of completion of work request regarding office temperature dated December 19, 2003 |
| | Email exchange between Lyndi Reed and Michael Platzer dated December 18, 2003 regarding office working conditions |
| | Email exchange between Michael Platzer and Karen Thomas dated December 21, 2003 regarding office temperature |
| | Email from Nancy Anderson to Michael Platzer dated December 29, 2003 with subject line "Contacting the Landlord" |
| | Email exchange between Lyndi Reed and Michael Platzer dated December 29, 2003 regarding efforts to address office temperature |
| | Email exchange between Jack Bambary and Michael Platzer dated January 6, 2004 regarding office temperature |
| | Notice of completion of work request regarding office lights dated January 14, 2003 |
| | Email from Michael Platzer to Lyndi Reed dated January 20, 2004 forwarding email regarding access codes for heating and lights |
| | Email from Michael Platzer to Lyndi Reed dated March 22, 2004 regarding temperature problems in office |
| | Email from Michael Platzer to Lyndi Reed dated April 5, 2004 forwarding work request regarding office temperature |
| | Notice of work request completion sent to Michael Platzer May 11, 2004 |
| | Email from Michael Platzer to Lyndi Reed dated December 17, 2003 forwarding email pertaining to lost ergonomic chair |
| | Email exchange between Jack Bambary and Michael Platzer regarding attempts to locate ergonomic chair |
| | Email from Lyndi Reed to Michael Platzer dated February 20, 2004 forwarding notice of work request completion |
| | Email from Michael Platzer to Karen Thomas dated December 21, 2003 regarding cold office temperature |
| | Email from Jack Bambary to Michael Platzer dated January 6, 2003 lost ergonomic chair |
| | Letter from Karen Roberts to Dr. Leone dated April 20, 2000 seeking information |

| | pertaining to Michael Platzer's physical restrictions |
|---|---|
| | Hewlett Packard Medical Restrictions Form dated April 16, 2000 completed Dr. Vincent Leone |
| | Quest Diagnostic report dated September 9, 2004 |
| | Shiel Medical Laboratory report dated July 16, 2004 |
| | Quest Diagnostic report dated August 8, 2004 |
| | Note from Michael Platzer to Lyndi Reed dated July 8, 2003 forwarding doctor's note for July 5, 2003 absence |
| | Chart calculating overpayment of short-term disability payments in 2005 |
| | Chart calculating overpayment of long-term disability payments in 2005 and 2006 |
| | Office notes of Dr. Vincent Leone dated June 1, 2005 |
| | Office notes of Dr. Vincent Leone dated December 8, 2006 |
| | Doctor's note from Dr. Vincent Leone dated February 9, 2007 |
| | Letter from Sedgwick CMS to Michael G. LoRusson dated January 17, 2007 |
| | Medical Report of Dr. Armond Prisco dated April 10, 2001 |
| | Office notes of Dr. Vincent Leone dated February 9, 2007 |
| | Office notes of Dr. Vincent Leone Dated November 11, 2005 |
| | Office notes of Dr. Vincent Leone Dated June 1, 2005 |
| | Return to work note from Dr. Richard Istrico regarding July 2003 absences |
| | Record of Operation completed by Dr. Marc Sher dated December 6, 2004 |
| | November 16, 2004 letter from Dr. Ronald Greenberg to Dr. Marc Sher regarding endoscopy performed in Michael Platzer on October 19, 2004 |
| | Expert report of Dr. Jeffery Goldstein |
| | Declaration Certifying the Authenticity of Business Records dated October 10, 2007 and signed by Christa Maher |
| | Letter from Dr. Mark Eisenberg to Dr. Richard Istrico dated May 22, 2002 |
| | Letter from Dr. Mark Eisenberg to Dr. Richard Istrico dated September 18, 2002 |
| | Winthrop-University Hospital Operative Report |
| | Winthrop-University Hospital Surgical Pathology Report |
| | Letter from Dr. Mark Eisenberg to Dr. Richard Istrico dated October 30, 2002 |
| | Letter from Dr. Richard Rosenberg to Dr. Mark Eisenberg dated October 30, 2002 |
| | Office notes of Dr. Mark Eisenberg regarding July 3, 2002 and November 13, 2002 office visits |
| | Letter from Dr. Mark Eisenberg to Dr. Richard Istrico dated January 15, 2003 |
| | Letter from Dr. Richard Rosenberg to Dr. Mark Eisenberg dated January 15, 2003 |
| | Letter from Dr. Richard Rosenberg to Dr. Mark Eisenberg dated July 11, 2003 |
| | Letter from Dr. Mark Eisenberg to Dr. Richard Istrico dated March 10, 2004 |
| | Letter from Dr. Richard Rosenberg to Dr. Mark Eisenberg dated March 8, 2004 |
| | Disability Report – Adult dated December 7, 2005 |
| | Attorney Fee Agreement dated September 16, 2005 |
| | Social Security Request for Information dated December 28, 2005 and stamped January 2, 2006 |
| | Function Report completed by Michael Platzer on March 8, 2006 |
| | |
| | **IMPEACHMENT/REBUTTAL EXHIBITS** |

| | Plaintiff's Interrogatory Responses |
| --- | --- |
| | Plaintiff's Supplemental Interrogatory Responses |
| | Plaintiff's Responses to Defendant's First Set of Requests for Admission |

Respectfully submitted,

| FRANK & ASSOCIATES, P.C.<br>Attorneys for Plaintiff, MICHAEL<br>PLATZER<br>500 Bi-County Boulevard<br>Suite 112N<br>Farmingdale, New York 11735<br>Telephone: (631) 756-0400<br>Facsimile: (631) 756-0547 | Thomas J. Flaherty (Admitted *Pro Hac Vice*)<br>Lindsey McGinnis (LHM-8095)<br>LITTLER MENDELSON, P.C.<br>1650 Tysons Boulevard, Suite 700<br>McLean, Virginia 22102<br>(703) 442-8425<br><br>Adam C. Weiss (ACW-5752)<br>MILMAN LABUDA LAW GROUP PLLC<br>3000 Marcus Avenue, Suite 3W3<br>Lake Success, New York 11042<br>(516) 328-8899<br><br>Attorneys for Defendant |